Case 4:19-cv-03320   Document 21   Filed on 10/14/20 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
October 14, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NORMA JANE TEMPLE, § § § *Plaintiff*, § § v. § § ANDREW SAUL, § Commissioner of Social Security, § § *Defendant*. § § | Case No. 4:19-cv-3320 |

## **MEMORANDUM AND ORDER**

Plaintiff Norma Jane Temple seeks judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for a period of disability and disability insurance benefits under Title II of the Social Security Act. Before this Court for decision pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636(c) are the parties' motions for summary judgment. ECF Nos. 14, 18. Having reviewed the administrative record, ECF Nos. 4–8, the parties' briefs, ECF Nos. 15, 19, 20, and the applicable law, the Court find that the Plaintiff's motion has merit.

### I. BACKGROUND

Plaintiff applied for a period of disability and disability insurance benefits in May of 2017. Fifty-four years of age at the time and "closely approaching

1

advanced age" within the meaning of the Social Security Act, Plaintiff alleged disability with an onset date of January 1, 2015. Before becoming unable to work, Plaintiff worked as a child monitor and cashier. The Commissioner administratively denied Plaintiff's application. Upon Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ"). In a written decision dated February 27, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. ECF No. 4-3 at 27–38. Applying the five-step sequential process for assessing disability claims, the ALJ made the following findings and conclusions.

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of January 1, 2015. ECF No. 4-3 at 29. At Step Two, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus/diabetic neuropathy, right carpal tunnel syndrome, Keinbock's disease, asthma, degenerative disc disease of the lumbar spine, and depression. ECF No. 4-3 at 30. The ALJ also found that Plaintiff suffered from the following non-severe impairments: left carpal tunnel syndrome, hypertension, hyperlipidemia, left eye cataract, and obesity. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the impairments listed in the pertinent regulations. ECF No. 4-3 at 30. At the RFC assessment stage, the ALJ found that

Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she can frequently handle objects with the right upper extremity; she can have occasional exposure to extreme heat and pulmonary irritants such as fumes, noxious odors, dust, and gases; she is able to understand, carry out, and remember detailed but not complex instructions." ECF No. 4-3 at 32. At Step Four, the ALJ found that Plaintiff was capable of performing past relevant work as a child monitor and "cashier II," and that this work does not require the performance of work-related activities precluded by her residual functional capacity. ECF No. 4-3 at 37. Finally, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from January 1, 2015, through the date of [the ALJ's] decision." ECF No. 4-3 at 38.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Plaintiff then commenced this suit. ECF No. 1.

## II.  LEGAL STANDARD

"Judicial review of the Commissioner's decision to deny benefits 'is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards are applied.'" *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148,

1154 (2019). It is "something more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

"The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Thornhill v. Colvin*, No. 14-CV-335, 2015 WL 232844, at *3 (N.D. Tex. Jan. 16, 2015) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court does not reweigh the evidence in the record, nor does it substitute its judgment for that of the Commissioner. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). On the other hand, judicial review of the Commissioner's decision must never be "so obsequious as to be meaningless." *Id.* (internal quotation marks and citation omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision, and it involves more than a search for evidence supporting the Commissioner's findings. *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985); *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986). A reviewing court must scrutinize the record as a whole, taking into account whatever in the record fairly detracts from the weight of the evidence supporting the Commissioner's decision. *Id.* A court "may affirm only on the grounds that the

Commissioner stated for [the] decision." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

As the parties here seek disposition by means of summary judgment, the Court applies Federal Rule of Civil Procedure 56, which states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### III. ALJ'S OPINION IS NOT SUPPORTED BY SUBSTANIAL EVIDENCE

Plaintiff argues that the ALJ erred by failing to make findings regarding her need for an assistive device (i.e., a cane or walker). Specifically, Plaintiff argues that the ALJ's RFC assessment and related hypothetical are deficient because they fail to account for Plaintiff's need to ambulate with an assistive device, or for the additional reaching, handling, and fingering limitations inherently associated with Plaintiff's need to grasp an assistive device while standing, walking, and performing work-related activities with her hands. ECF No. 15 at 4. The Court agrees.

#### A. Record Establishes Plaintiff Requires An Assistive Device.

"To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for the device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96–9p,

1996 WL 374185, at *7 (S.S.A. 1996). As rulings of the Social Security Administration state, an ALJ "must always consider the particular facts of a case" when determining whether a hand-held assistive device is medically required, and such a determination must be based on evidence of the need for such a device and evidence describing the circumstances for which the device is needed. *Id.*

The record in the present case is replete with evidence that Plaintiff requires, and regularly uses, an assistive device. Plaintiff appeared at the hearing before the ALJ using a walker and testified that a physical therapist recommended and provided it to her in the hospital four or five months prior because she was unstable with her cane. ECF No. 4-3 at 54. Furthermore, the record contains repeated references to Plaintiff's use of a cane beginning in July of 2015, and her use of a walker beginning in February of 2018. *E.g.*, ECF No. 4-10 at 32 (July 1, 2016; noting Plaintiff "positive for gait problem (using cane for walking)"); ECF No. 4-18 at 7 (August 22, 2017; noting Plaintiff "now ambulating with a cane" and "reported she has been falling"); ECF No. 5 at 5 (November 6, 2018; noting Plaintiff "ambulating with cane" and "has a walker at home"); ECF No. 7-17 at 5 (February 13, 2018; noting "equipment recommendation: rolling walker (provided at next visit)"). In October of 2018, Plaintiff reported that she had been losing balance a lot and was using a walker all the time. ECF No. 5 at 24.

Plaintiff's testimony that she needs an assistive device to stay balanced is supported by numerous medical reports stating that Plaintiff has experienced dizziness as a result of her combined impairments and that she has reported falling at times. *E.g.*, ECF No. 4-9 at 78 (September 12, 2016; noting "some dizziness for the past 2 months"); ECF No. 4-10 at 20 (July 25, 2016; noting that Plaintiff was experiencing "dizziness (has fallen)"); *id.* at 62 (June 27, 2016; same); ECF No. 4-16 at 44 (August 7, 2017; noting "intermittent dizziness"); ECF No. 4-18 at 7 (August 22, 2017; noting Plaintiff "now ambulating with a cane" and "reported she has been falling"); ECF No. 5-1 at 62 (October 12, 2017; noting Plaintiff "positive for dizziness"); ECF No. 5-2 at 55 (August 7, 2017; noting "intermittent dizziness"); ECF No. 6-16 at 31 (October 12, 2017; Plaintiff "positive for dizziness"); ECF No. 7-8 at 30 (February 6, 2018; noting "dizziness"); ECF No. 7-16 at 33 (February 12, 2018; noting "dizziness"); ECF No. 7-17 at 15 (February 13, 2018; noting "dizziness"); ECF No. 8-2 at 12 (April 10, 2018; noting "dizziness"); ECF No. 8-5 at 54 (November 1, 2018; noting "dizziness").

In addition, the record contains numerous documents reflecting objective medical findings of a right lower extremity impairment, which is consistent with Plaintiff's testimony concerning pain in her right leg contributing to her need for an assistive device. *E.g.*, ECF No. 4-13 at 26, 29 (observing "large varices" in Plaintiff's right lower extremity); ECF No. 4-11 at 102 (observing "large varicose

veins bilateral lower extremities," "venous incompetence in the right greater saphenous vein," and "reflux in the right anterior accessory branch of the GSV, which connects to the varicose veins"); ECF No. 5 at 86 (observing "large varicose veins on the right LE"). The record also contains medical documents demonstrating that Plaintiff has degenerative disc disease, which also indicates that Plaintiff may need an assistive device. ECF No. 4-11 at 102; ECF No. 4-15 at 12.

Significantly, the ALJ, in one of her hypotheticals, asked the vocational expert to assume that Plaintiff needed a cane, ECF No. 43 at 66, indicating that she herself viewed Plaintiff's need for an assistive device as relevant to her analysis. *Gosselin v. Colvin*, No. 4:14-CV-00601, 2015 WL 12551083, at *14 (S.D. Tex. Mar. 31, 2015) (ALJ's opinion noted that plaintiff stated he needed a cane to walk, indicating he considered the allegation). Nonetheless, and despite the evidence recounted above, the ALJ's RFC assessment contains no limitations accounting for Plaintiff's assistive device, and the ALJ's written decision contains no explanation for this omission. This gap in the ALJ's reasoning is significant. For although an "ALJ is not required to discuss each and every piece of evidence in the record, . . . by the same token, a reviewing court may affirm only on the grounds that the Commissioner stated for the decision." *Christian v. Berryhill*, No. 4:15-CV-3714, 2017 WL 1134152, at *12 (S.D. Tex. Mar. 27, 2017) (internal citations and brackets omitted); *accord Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)

8

("[T]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."). Given the ALJ's failure to include an assistive device in the RFC or explain the reason for not including it, this Court must conclude that the ALJ's decision is not supported by substantial evidence. *See, e.g., A.D.V. v. Soc. Sec. Admin.*, No. 14-CV-3223, 2016 WL 3512033, at *4 (W.D. La. Feb. 26, 2016), *report and recommendation adopted*, No. 14-CV-3223, 2016 WL 3538385 (W.D. La. June 22, 2016) (no substantial evidence where ample evidence showed Plaintiff required cane or walker, but ALJ did not include that limitation in RFC or account for it in finding Plaintiff capable of performing available jobs).

### B. Commissioner's Fails To Establish ALJ's Opinion Is Supported By Substantial Evidence.

Defendant's arguments for upholding the ALJ's decision are meritless. Defendant argues that the ALJ did not agree that Plaintiff had been "prescribed," or that she otherwise required, an assistive device. ECF No. 19 at 4. But the ALJ, in her decision, never stated that she concluded that Plaintiff had not been prescribed an assistive device, nor did the ALJ state that she concluded that Plaintiff did not require an assistive device. The ALJ's decision must stand or fall on the reasons stated in the decision. *Newton*, 209 F.3d at 455. Consequently, this argument does not support upholding the Commissioner's decision. Furthermore, even if she *had* concluded that Plaintiff had neither been prescribed nor required an

9

assistive device, the ALJ would have been required to not only state that conclusion, but also to explain how she reached that conclusion in spite of the medical evidence documenting (1) Plaintiff's use of assistive devices for several years and (2) the fact that Plaintiff's walker was provided in the hospital by a physical therapist. *Cf. Gosselin*, 2015 WL 12551083, at *14 (ALJ was *not* required to address assistive device in RFC assessment when there was no evidence cane was prescribed and only evidence was that Plaintiff testified he used one for years without any explanation as to why).

Defendant cites a consultative examiner's notes stating that Plaintiff "can ambulate effectively without an assistive device." ECF No. 4-15 at 11. Although the ALJ cited that report and stated that she found the consultative examiner's opinion "persuasive," ECF No. 4-3 at 37, 33, the ALJ's decision does not otherwise mention or discuss this particular assessment, *id.* at 36. Moreover, even if she had specifically relied upon this notation, the ALJ would have been required to explain why she chose to rely on this part of the consulting expert's opinion that is not consistent with medical records compiled over several years that reference Plaintiff's use of an assistive device. 20 C.F.R. § 1520c(b)(1) (adjudicators are required to articulate how they considered the medical opinions);[1] *id* § 1520c(c)(2)

---

[1] *See* https://www.federalregister.gov/d/2017-00455/p-257, last visited on October 14, 2020, clarifying that new regulations set out the minimum level of articulation for ALJ determinations to provide sufficient rationale for a reviewing court to understand the analysis.

("The more consistent a medical opinion … is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion … will be."). *See Carey v. Apfel*, 230 F.3d 131, 143 (5th Cir. 2000) (where expert testimony was inconsistent with the medical records, court examined whether the ALJ relied on those portions of the inaccurate testimony and whether the claimant was prejudiced by any inconsistency between the medical expert's testimony and the medical records).

In addition, Defendant cites no authority supporting the proposition that an assistive device must be "prescribed" to a claimant before an ALJ is required to account for it in an RFC assessment. To the contrary, the cases on which Defendant relies support, at most, the proposition that a claimant's elective use of an assistive device purely of her own accord does not *per se* require a finding of disability. *Myers v. Barnhart*, 285 F.Supp.2d 851, 862 (S.D. Tex. 2002) (claimant's testimony that she was not prescribed any assistive device for pain but chose to use a cane on her own provided additional support for the ALJ's finding that she was not suffering from disabling pain); *Donner v. Barnhart*, 285 F.Supp.2d 800, 814 (S.D. Tex. 2002) *aff'd*, 104 F.App'x 371 (5th Cir. 2003) (no disabling pain when claimant could not remember who prescribed back brace and treating physician's records did not document the necessity for such a device). The present case is readily distinguishable from *Myers* and *Donner*, for here Plaintiff

11

testified that a physical therapist told her that she required a walker and provided it to her in the hospital. ECF No. 4-3 at 66. In addition, medical records show physical conditions that would support the use of such devices and that a walker would be provided to Plaintiff. *E.g.*, ECF No. 7-17 at 5. Accordingly, the Commissioner has not established that the ALJ's decision is supported by substantial evidence. *A.D.V.*, 2016 WL 3512033, at *4.

### C. ALJ's Error Is Prejudicial.

To prevail on her claim in this Court, Plaintiff must have been prejudiced by the ALJ's error. *See Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981); *Ramirez v. Saul*, No. 4:18-cv-2504, 2020 WL 1853749, at *40 n.20 (S.D. Tex. 2020). As the Fifth Circuit has explained, "where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required." *Newton*, 209 F.3d at 459 (quoting *Hall*, 660 F.2d at 119). "If prejudice results from the violation, the result cannot stand." *Id*. In Social Security cases, prejudice exists when the ALJ might have reached a different conclusion absent the error. *See id.* at 453; *Gosselin*, 2015 WL 12551083, at *14. Here, had it not been for the ALJ's error, the ALJ might well have found that Plaintiff was limited because she needed to use a cane or walker at work, and that finding could well have led the ALJ to arrive at a different conclusion as to whether Plaintiff is disabled within the meaning of the Act.

Indeed, at the hearing, the vocational expert testified that the job of a cashier or child monitor (i.e., Plaintiff's past relevant work) could be not performed while using a cane. ECF No. 4-3 at 65–66. On this record, then, the ALJ committed reversible error in assessing Plaintiff's residual functional capacity.[2]

## IV.  CONCLUSION

Therefore, it is **ORDERED** as follows: Plaintiff's motion for summary judgment is **GRANTED**; Defendant's motion for summary judgment is **DENIED**; the Commissioner's decision is **VACATED**; and this matter is **REMANDED** to the Commissioner to conduct further proceedings consistent with this opinion.

Signed on October 14, 2020, at Houston, Texas.

*Dena Palermo*

**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

[2] Plaintiff also argues that the Commissioner's decision be vacated and remanded because the ALJ failed to perform a proper credibility analysis under 20 C.F.R. § 404.1529. ECF No. 15 at 8–20. Because vacatur and remand is warranted based on the ALJ's erroneous failure to properly account for Plaintiff's use of an assistive device, and because at least some aspects of Plaintiff's additional contentions regarding the ALJ's purportedly faulty credibility analysis appear to be intertwined with the assistive device issue and the RFC assessment more broadly, the Court need not pass on these additional arguments at this time. *See Marks v. Saul*, No. 4:18-cv-349, 2020 WL 2839221, at *4 n.2 (S.D. Tex. 2020). Plaintiff is free to raise these contentions on remand before the agency, and the agency should in any event consider them in reaching a new decision. Should an unfavorable decision result on remand, nothing in this Court's present decision will prevent Plaintiff from seeking judicial review based on these arguments.