United States District Court
Southern District of Texas
**ENTERED**
March 15, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORMA JANE T.,[1] § § | | |
| *Plaintiff*, § § | | |
| v. § § | NO. 4:19-CV-3320 | |
| ANDREW SAUL, § COMMISSIONER OF THE SOCIAL § SECURITY ADMINISTRATION, § § | | |
| *Defendant*. § | | |

## MEMORANDUM OPINION

Pending before the court is Plaintiff's motion for attorney's fees. ECF No. 23.[2] Defendant filed an objection to Plaintiff's motion, agreeing the Court may award fees, but disputing the number of hours Plaintiff claims. ECF No. 24. Based on the filings, and a review of the record, Plaintiff's motion for attorney's fees is granted in part.

### I.   BACKGROUND

On May 5, 2017, the Plaintiff filed applications for Social Security Disability

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] This case was transferred pursuant to 28 U.S.C. § 636(c). ECF No. 14.

benefits and Supplemental Security Income benefits. ECF No. 15 at 2. Her claims were denied initially and after reconsideration, the Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). ECF No. 15 at 2. The ALJ denied the claim, finding that the Plaintiff could perform light work as defined in 20 C.F.R. § 404.1567(b). ECF No. 15 at 2.

Arguing that the findings of fact of the ALJ were not supported by substantial evidence, the Plaintiff filed a Complaint in this Court. ECF No. 1. The parties filed cross motions for summary judgment. ECF Nos. 14 & 18. On October 14, 2020, this Court entered an order denying the Commissioner's Motion for Summary Judgment, granting Plaintiff's Motion for Summary Judgment, reversing the ALJ's decision denying Plaintiff's benefits, and remanding to the Commissioner for further proceedings. Mem. & Order, ECF No. 21. Final Judgment was entered the same day. Final Judg't, ECF No. 22.

On January 12, 2021, the Plaintiff filed this motion, seeking an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). ECF No. 23. Defendant opposes only the amount of fees sought based on the number of hours Plaintiff's counsel claims to have worked. ECF No. 24.

## II. LEGAL STANDARD

Under the EAJA, a party in a civil action brought by or against the

United States is entitled recover attorney's fees when four elements are met: (1) the party is a prevailing party, (2) the party timely files a fee application, (3) the court finds the position of the government was not substantially justified, and (4) no special circumstances make an award unjust. *Mesecher v. Berryhill*, No. 4:15-CV-0859, 2017 WL 441682, at *1 (N.D. Tex. Oct. 3, 2017) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

When the district court remands a social security action under sentence four of 42 U.S.C. § 405(g),[3] the claimant is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 299–301 (1993); *Day v. Comm'r, Soc. Sec. Admin*, No. 6:16-CV-00210, 2017 WL 4922048, at *1 (E.D. Tex. Oct. 31, 2017).

After the district court renders judgment, a party has 30 days from the time that the judgment becomes final to seek an EAJA award. The district court's judgment becomes final when it can no longer be appealed. 28 U.S.C. § 2412(d)(2)(G). In suits in which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 final judgment. *Freeman v. Shalala,* d. F.3d 552, 554 (5th Cir. 1993). Thus, a party has 30 days after this 60-day time period to seek an EAJA award of fees.

---

[3] "The court shall have power to enter, upon the pleadings, and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id*.

### III.   ANALYSIS

Here, the Plaintiff's motion for attorney's fees meets the four requirements under the EAJA. She secured a remand under sentence four of § 405(g); she timely filed her motion for attorney's fees;[4] the Commissioner does not challenge, and the Court finds that the Commissioner's position was not substantially justified; and the Court does not find any special circumstances that make an award unjust. Plaintiff is entitled to her attorney's fees.

Plaintiff seeks an award for 67.8 hours of attorney work performed. ECF No. 23 at 2. Defendant argues that 67.8 hours is excessive in light of the work performed. ECF No. 24 at 2. While acknowledging that the record was excessive— over 6,000 pages— Defendant contends that the case did not involve any particularly complex factual matters or difficult medical records. *Id*. at 3. The typical number of hours spent on a Social Security disability claim is 30–40 hours. *Mesecher v. Berryhill*, No. 4:15-CV-0859, 2017 WL 4417682, at *1 (M.D. Tex. Oct. 3, 2017) ("Under the EAJA, a typical fee applicant claims between thirty and forty hours for attorney work." (internal citations omitted)). Defendant suggests, in the alternative, that the Court reduce the number of hours of time spent by Plaintiff's counsel by 10 hours, for a total of 57.8 attorney hours, still exceeding the average. ECF No. 24 at 4.

Under the EAJA, an applicant for attorney's fees bears the burden of proving

---

[4] Plaintiff filed her motion for attorney's fees 30 days after the judgment became final.

that the hours spend were reasonable. *Petteway v. Henry*, 738 F.3d 132, 147 (5th Cir. 2013) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, L.Ed.2d 40 (1983)). Plaintiff provided documentation regarding the hours spent. ECF No. 23 at 5. Having reviewed the Plaintiff's documents, the Court agrees with the Defendant that 57.8 hours is appropriate considering the record and issues at stake.

The hourly fee that Plaintiff's counsel seeks is higher than the statutory amount of $125, requiring a finding that an increase in the cost of living or a special factor justified a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The Court has wide discretion in calculating any increase in the hourly rate. *Mesecher*, 2017 WL 4417682, at *1; *Chargois v. Barnhart*, 454 F. Supp. 2d 631, 634 (E.D. Tex. 2006).

Courts routinely use a cost-of-living adjustment based on the Consumer Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics. *E.g.*, *Day*, 2017 WL 4922048, at *2; *Chargois*, 454 F. Supp. 2d at 634 (collecting cases). Using the region where services were performed, the court will use as a base rate the annual CPI for the year the last time the rate changed, and then compare it to the annual CPI for when the attorney provided the legal services. *Chargois*, 454 F. Supp. 2d at 634; *accord Perales v. Casillas*, 950 F.2d 1066, 1079 (5th Cir. 1992) (instructing the court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). If the CPI increased from the time the rate changed to the time services were performed, "the court

calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F. Supp. 2d at 634.

Here, Plaintiff's counsel is based in Pennsylvania, but appeared *pro hac vice* in this case filed in Houston.[5] He is claiming fees for work performed in 2019 and 2020. The CPI last changed in 1996 ($75 to $125 per hour). In 1996, the CPI for Houston-Galveston-Brazoria, TX, was 142.7.

The hourly rates for 2019 and 2020 are as follows:

- For 2019: the CPI for Houston-Galveston-Brazoria, Texas was 228.799. The percentage difference between 1996 and 2019 is 160.34% (228.799/142.7). Therefore, the hourly rate for 2019 is $200.425/hour (160.34% x $125/hour).

- For 2020, the CPI is 229.161. The percentage difference between 1996 and 2020 is 160.59% (229.161/142.7). Therefore, the hourly rate for 2020 is $200.74/hour (160.59% x $125/hour).

The Plaintiff's attorney worked 40.4 hours in 2019 and 27.4 hours in 2020. Using these averages for 57.8 hours, Plaintiff's attorney worked 23.4 hours in 2020

---

[5] The court finds it appropriate to use data specific to the Houston area, where this Court is located. *See e.g., Matthews v. Berryhill*, No. 4:18-CV-4795, 2020 WL 242487, at *3 (S.D. Tex. Jan. 16. 2020) (Palermo, J.) (calculating attorney's fees based on the CPI calculation of Houston when the attorney's practice was based in New York but appeared *pro hac vice* in the case filed in Houston).

(27.4/67.8 * 57.8) and 34.4 hours in 2019 (27.4/67.8 * 57.8). Therefore in 2019, the Plaintiff's attorney's fee is $6,894.62 ($200.425/hour * 34.4 hours) and in 2020 the Plaintiff's attorney's fee is $4,697.32 ($200.74/hour * 23.4 hours). The Plaintiff's attorney's fee total is $11,591.94.

## IV.   CONCLUSION

The Court **ORDERS** that Plaintiff's motion for attorney's fees is **GRANTED in part,** Defendant is **ORDERED** to pay Plaintiff's counsel $11,591.94 pursuant to the Equal Access to Justice Act.

Signed on March 14, 2021, at Houston, Texas.

**Dena Hanovice Palermo**
**United States Magistrate Judge**